UNIGARD SECURITY INSURANCE CO. and Employers' Surplus Lines Insurance Co. *v.* MURPHY OIL USA, INC.; Murphy Oil USA, Inc., Cross-appellant *v.* Associated International Insurance Co., California Union Insurance Co., and Lloyd's of London, Cross-appellees

96-843                                                        942 S.W.2d 824

Supreme Court of Arkansas
Opinion delivered April 14, 1997

*Wright, Lindsey & Jennings*, by: *M. Samuel Jones III* and *Claire Shows Hancock*, for appellee, cross-appellant, cross-appellee, Murphy Oil USA, Inc.

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, by: *Teresa Wineland*, for appellee/cross-appellant, Associated International, Inc.

PER CURIAM. Murphy Oil USA, Inc., moves this court to strike the reply brief of cross-appellant Associated International Insurance Company on the basis that filing the reply brief violates the time limits in the Stipulation for Briefing Schedule agreed to by all parties, including Associated International.

Associated International has a pending cross-appeal against Murphy Oil. The style of this case does not reflect that cross-

appeal, but the style appears to be abbreviated, and Murphy Oil and Associated International do not contest this point. Moreover, a notice of appeal in the record filed by Associated International reflects a cross–appeal against Murphy Oil. On December 9, 1996, the Clerk of the Supreme Court issued a briefing schedule in conjunction with a per curiam order from this court addressing various motions of the parties. *See Unigard Security Ins. Co. v. Murphy Oil USA, Inc.*, 326 Ark. 826, 937 S.W.2d 627 (1996). That briefing schedule provided that "[c]ross–appellant's reply brief due 15 days after last cross–appellee's brief is filed. . . ."

Thereafter, Murphy Oil moved for amendment to the briefing schedule and requested that a stipulated schedule of the parties be adopted. The stipulated briefing schedule provided that it "shall apply to all briefs yet to be filed," and it further provided that Murphy Oil's response brief to Associated International's cross–appeal was due February 14, 1997. A reply brief in connection with Murphy Oil's cross–appeal against Unigard and ESLIC was due on March 1, 1997. No reference to a reply brief by Associated International on its cross–appeal against Murphy Oil was included in the stipulated schedule. All parties agreed to the stipulated schedule, including counsel for Associated International. This court granted Murphy Oil's motion to amend the briefing schedule on February 10, 1997.

Associated International filed its reply brief in its cross–appeal against Murphy Oil on February 25, 1997, and Murphy Oil moved to strike the reply brief on the basis that it was contrary to the stipulated briefing schedule. Associated International argues in response to that motion that failure to include its reply brief in the stipulated schedule was an oversight and that Ark. Sup. Ct. R. 4-4 permits reply briefs by cross–appellants to be filed within 15 days of the cross–appellee's brief.

The motion to strike is denied. Supreme Court Rule 4-4 does permit a cross–appellant to file a reply brief within 15 days of the cross–appellee's brief. Moreover, Murphy Oil recognized the value of a reply brief for a cross–appellant by including a deadline for its own cross–appeal in the stipulated briefing schedule but did not include a time frame for the reply brief of Associ-

ated International. We do not view counsel's signature on the stipulated schedule as a waiver of the right of Associated International to file a reply brief.

GLAZE and CORBIN, JJ., not participating.